IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADVANCED COMFORT TECHNOLOGIES INC., d/b/a INTELLIBED, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>LONDON LUXURY, LLC, a New York limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL DISCOVERY<br><br>Case No. 2:17-cv-00497-JNP-BCW<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke C. Wells |

Pending before the court is Plaintiff's Motion to Compel.[1] Plaintiff seeks information regarding Defendant's gross annual sales, customers and marketing to Columbia, among other things.[2] Plaintiff also seeks costs associated with bringing the motion. Pursuant to DUCivR 7-1(f), the court determined oral argument is not necessary. Having considered the parties' arguments, memoranda and relevant case law, the court finds the requested information is not relevant or proportional to the needs of the case. Accordingly, the motion is DENIED.

## BACKGROUND

This action arises from a Non-Circumvention Agreement (Agreement) between the parties wherein Defendant London Luxury, LLC (London Luxury) pledged to market a proprietary gel mattress (Gel Matrix) created by Plaintiff Advanced Comfort Technologies, Inc., d/b/a/ Intellibed (Intellibed) to Mattress Firm, Inc., a non-party. Plaintiff alleges London Luxury made false representations to induce it into executing the Agreement, and that London Luxury is

---

[1] ECF No. 45.

[2] ECF Nos. 46-1 and 46-2.

in breach of the Agreement. During discovery, Plaintiff Intellibed sought information regarding London Luxury's: 1) gross annual sales, 2) annual sales with Mattress Firm, 3) gross sale for its ten largest customers, 4) relationship with Mattress Firm employees, 5) its ability to market a Columbia-branded mattress and 6) discussions with Mattress Firm regarding Plaintiff's product.[3] London Luxury raised various objections, including referencing a court order issued by the district judge a year ago, wherein she concluded there is no authority to support Plaintiff's position that "a party's actions prior to contract formation constitute a breach of contract."[4] This motion followed.

## DISCUSSION

The interrogatories at issue are numbers 1-5, and 9-10, and document requests 7-10 and 12 (collectively "the Requests"). Defendant contests the relevance of the information sought by Plaintiff. In addition, Defendant also informed the court of certain stipulations it offered to make during the "meet and confer" which would moot the need for any financial disclosures.[5] It appears Plaintiff refused the stipulations and did not disclose them to the court.

Federal Rule 26 sets forth the scope and limits of discovery available to parties. It provides that parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[6]

---

[3] ECF No. 45.

[4] ECF No. 26 at 21.

[5] ECF No. 51.

[6] Fed. R. Civ. P. 26(b).

2

Thus a party must demonstrate that requested discovery is not only relevant but also proportional to the needs of the case.

Admittedly relevance is broadly construed at the discovery stage of a case, but it is not without limits.[7] Here, the relevance of the discovery requested is questionable given that as the district judge explained a party's actions prior to contract formation do not constitute a breach of contract. Further, in weighing the proportionality requirement, the court finds the burden of producing the requested proprietary and confidential information outweighs its benefit. The court finds it is not proportional to the needs of the case especially given its questionable relevance and the fact that London Luxury has offered to supplement its previous responses. Accordingly, the court DENIES the motion and orders London Luxury to provide the supplemental responses it proposed in its opposition brief.[8]

**ORDER**

For the reasons set forth above the Court DENIES Plaintiffs' Motion to Compel. The Court FURTHER ORDERS the production of the supplementation within fourteen (14) days from the date of this order.

DATED this 12 December 2018.

                                                 Brooke C. Wells
                                                 United States Magistrate Judge

---

[7] *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253, (1978) ("discovery, like all matters of procedure, has ultimate and necessary boundaries."); *Kannaday v. Ball*, 292 F.R.D. 640, 650 (D. Kan. 2013) (noting the standards of discovery).

[8] *See* ECF No. 51.